# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57744-5-II |
| Respondent, | |
| v. | |
| PAUL THOMAS CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Paul T. Clark appears to appeal a trial court order following his CrR 7.8 motion to modify his 2021 judgment and sentence. However, he did not timely appeal this order or designate this order in his notice of appeal. Therefore, we dismiss this appeal.

Clark filed his notice of appeal on December 27, 2022. His notice of appeal states that he is appealing an "[o]rder correcting community custody conditions entered on an unknown date between 12-01-2022 and 12-15-2022." Clerk's Papers (CP) at 130. The trial court attached to his notice of appeal, and transmitted to this court, the only order entered in December 2022, which was the court's December 22, 2022 "Order Clarifying Sentence." We appointed counsel and sent a perfection letter. There was no objection.

The December 22, 2022 order noted that there was a scrivener's error in appendix 14 of Clark's 2021 judgment and sentence and ordered that the reference to RCW 9.94A.507 be stricken from the judgment and sentence. The trial court also clarified that Clark's community custody term was 36 months. There was no reference to a November 17, 2022 order.

The parties, however, dedicate their briefs to an "Order Amending Judgment and Sentence" entered by the trial court on November 17, 2022. But Clark did not timely appeal this order. *See* RAP 5.2(a) (notice of appeal must be filed within 30 days of entry of the trial court's order that the party filing the notice wants reviewed.). While Clark may receive the benefit of GR 3.1, which provides that an incarcerated person may use the date a document is deposited in the institution's internal mail system as the filing date, Clark failed to provide the required declaration to show he made a timely filing. GR 3.1(c).

In addition, under RAP 2.4(a), we review just the "decision or parts of the decision designated in the notice of appeal." One exception is that if "the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." RAP 2.4(b) Another exception is that the undesignated final order is based on a CR 50(a), CR 52(b), CR 59, CrR 7.4, and CrR 7.5 motion. RAP 2.4(c). There is no showing that the November 17 order prejudicially affected the December 22 order to warrant review under RAP 2.4(b). Indeed, there is no mention of the November 17 order in the December 22 order. And the November 17 order was based on a CrR 7.8 motion, which is not a listed motion in RAP 2.4(c).

Because Clark neither timely appealed the November 17 order nor brought it up for appeal under RAP 2.4(b) or (c) by appealing the December 22 order, and because the parties solely raise arguments relating to the November 17 order, we have no other recourse than to dismiss this appeal.

57744-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Glasgow, J.

Che, J.

3